SEALED

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
10 APR 21 PM 5:20
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,
PLAINTIFF

V.

RICHARD COSTANZO,
THERESA COSTANZO,
JANNA WASKO,
MICHAEL WASKO,
DEFENDANTS

8:10CR- 146

INDICTMENT
18 U.S.C. § 371
18 U.S.C. § 2423(e)
18 U.S.C. §1952(a)(3)
18 U.S.C. § 2421
18 U.S.C. § 2422 (b)
18 U.S.C. §1956(a)(1)(B)(i)
18 U.S.C. § 982(b)(1)
28 U.S.C. § 2461(c)
18 U.S.C. § 2

The Grand Jury Charges:

**INTRODUCTION**

At all times material to this indictment:

1. RICHARD COSTANZO was a resident of either Bellevue, Nebraska, or Carter Lake, Iowa. THERESA COSTANZO is the sister of RICHARD COSTANZO. JANNA WASKO was married to RICHARD COSTANZO from on or about November 22, 1988, to on or about December 4, 1998. Since on or about July 26, 2003 MICHAEL WASKO has been married to JANNA WASKO.

2. From February 10, 1997, through June 5, 2000, RICHARD COSTANZO was the President of Dream Girls, Inc., (hereafter referred to as "D.G., Inc."), a Nebraska

corporation. On June 5, 2000, RICHARD COSTANZO changed the corporate name to D.G., Inc. and listed himself as the President, Resident Agent, Secretary, Treasurer and Director.

**COUNT 1**

3. From on or about February 10, 1997, through on or about November 24, 2009, in the District of Nebraska and elsewhere, RICHARD COSTANZO, THERESA COSTANZO, JANNA WASKO and MICHAEL WASKO, and others both known and unknown to the Grand Jury, did unlawfully, willfully and knowingly conspire, combine, confederate and agree together and with each other to commit the following offenses against the United States:

A. To knowingly use a facility in interstate commerce, namely telephones, cell phones and computers, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, a business enterprise involving prostitution in violation of Title 18, United States Code, Section 2422(a), and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3)(A);

B. To knowingly persuade, induce, entice and coerce an individual to travel in interstate commerce to engage in prostitution and any sexual activity for

which any person can be charged with a criminal offense, in violation of Title 18, United States Code Section 2422(a).

C. To knowingly transport an individual in interstate commerce with intent that such person engage in prostitution, or in any sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2421.

D. To knowingly transport an individual who has not attained the age of 18 years in interstate commerce to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code Section 2423(a).

## THE CONSPIRACY AND ITS OBJECTS

4. It was a part of the conspiracy that RICHARD COSTANZO caused D.G., Inc., to conduct business under numerous names. Among the names known to the Grand Jury are: American Dream Girls, Good Time Girls, Hard Bodies, Discreet Girls, An Angel by Day Devil by Night, Vegas Style, Dream Girls, Pussy Cat Escorts, Red Hot Entertainment, Bare Assets, Good Time Girls, Centerfold Escorts, A Nite To Remember, A Personal Touch, Naughty But Nice, Bada Bing Girls, Red Hot Escorts, Top Notch Girls and WWW.OMAHAESCORTSERVICE.COM.

5. D.G., Inc., was advertised as an "escort" business. It offered the services of female "escorts" who would, for a fee, agree to meet with customers at various

locations to include private homes, apartments and hotels located in eastern Nebraska and western Iowa.

6. D.G., Inc., advertised its services throughout Nebraska and Iowa. "Yellow page" advertisements would be placed in telephone directories in Omaha and Council Bluffs. Numerous advertisements under different company names would be placed to make it appear the businesses were not affiliated. In fact, different telephone numbers listed in the yellow page advertisements would all link back to D.G., Inc., and/or RICHARD COSTANZO. He also advertised the company and its affiliated businesses on a website entitled www.omahaescortservice.com.

7. RICHARD COSTANZO also advertised the services of D.G., Inc., and/or its affiliated business names, by placing magnetic signs on cars that would be driven around the Omaha metropolitan area. The signs would read "24 hr. Adult Ent 669-0000". Such signs would be used at times when numerous visitors were in the area such as during the College World Series. The signs would be placed on different vehicles to include a 1999 black Plymouth Prowler, a 1999 yellow Plymouth Prowler and a 2004 Cadillac Escalade, all of which are and were vehicles owned by RICHARD COSTANZO.

8. RICHARD COSTANZO conducted the business of D.G., Inc., and its affiliated company names, from his home located at 1013 Shoal Point Dr., Carter Lake, Iowa. Telephone numbers listed in yellow page advertisements would be directed

to a landline at that residence. RICHARD COSTANZO, and those acting at his direction, would also accept calls and dispatch escorts from the Carter Lake residence. Escorts would, at times, wait at RICHARD COSTANZO's Carter Lake residence to be dispatched in response to customer calls.

9. RICHARD COSTANZO hired escorts, at least one of whom was under the age of eighteen, who applied either personally to him or called one of the company numbers listed in yellow page advertisements. JANNA WASKO and MICHAEL WASKO would, from time to time, meet with prospective escorts to judge their suitability for employment. If deemed suitable for employment, JANNA WASKO would have the prospective escort complete paperwork and oftentimes commence work that same night.

10. Escorts hired by RICHARD COSTANZO and/or others working at his direction would be photographed in the basement of RICHARD COSTANZO's Carter Lake residence. The pictures would then be included in various advertisements placed in the yellow pages or on company websites.

11. Escorts hired by RICHARD COSTANZO would be required to sign a contract explaining that they were only to engage in "nude and lingerie modeling" as well as administering "massage" and providing "companionship." The contract would further state that the escort was not to engage in any type of illegal

behavior to include "the use or sale of illegal drugs, the solicitation of sex, theft, forgery, pandering" etc.

12. RICHARD COSTANZO employed various people to serve in different roles at D.G., Inc., and its affiliated businesses. Among other positions, he employed call takers and drivers. Call takers would accept incoming customer calls and dispatch escorts in response. Drivers would take escorts to the locations of customers and bring them back afterwards. Drivers would also, from time to time, collect cash paid by customers to escorts. THERESA COSTANZO, JANNA WASKO and MICHAEL WASKO all worked as drivers and call takers at various times for RICHARD COSTANZO and/or D.G., Inc., and its affiliated businesses. RICHARD COSTANZO would also, from time to time, drive escorts to calls utilizing his 2004 Cadillac Escalade, 2003 Subaru Baja, or 1999 Jeep Grand Cherokee. JANNA WASKO and MICHAEL WASKO would drive to meetings with escorts, and sometimes transport escorts, in their 2003 Ford F150 pick-up.

13. Escorts hired by RICHARD COSTANZO would typically be told they would be paid one dollar per minute when out on a call. As such, the escort would typically be entitled to sixty dollars for showing up at a one-hour call. The total price to the customer, however, would vary with most being charged approximately two hundred dollars. The balance of the customers' payments, (that in excess of sixty dollars), would be kept by RICHARD COSTANZO and/or

D.G., Inc.. Most customers paid in cash although some paid by check or credit card. Those paying by credit card had their payments processed through the interstate credit card processing system.

14. Although the contract signed by escorts employed by D.G., Inc., stated the escorts were not to engage in illegal activity, D.G., Inc., in fact, was a front for prostitution. Most escorts employed by RICHARD COSTANZO and D.G., Inc., and its affiliated businesses would engage in prostitution on the majority of calls they went out on. Specifically, the escorts would agree to perform sex acts for money. The money, characterized as "tips", would be negotiated between the escort and the customer and could amount to hundreds or even thousands of dollars. The "tips" would, at times, be kept entirely by the escort. At other times, the tips would be shared with RICHARD COSTANZO, THERESA COSTANZO, JANNA WASKO, MICHAEL WASKO and other call takers and/or drivers as a reward for their services and to encourage them to refer more calls to the escorts.

15. RICHARD COSTANZO, THERESA COSTANZO, JANNA WASKO and MICHAEL WASKO knew the escorts employed by D.G., Inc., were regularly engaging in prostitution when they dispatched them on calls, transported them to the locations of customers, and collected monies from them. Escorts were told by RICHARD COSTANZO, THERESA COSTANZO, JANNA WASKO and MICHAEL WASKO that whatever additional services were negotiated between

the escorts and their customers were between themselves and their customers. Escorts were discouraged from openly discussing sex acts they had engaged in with customers.

16. RICHARD COSTANZO would deposit some of the proceeds from D.G., Inc.'s, escort business into accounts he maintained at US Bank in Omaha, Nebraska. Specifically, credit card charges and checks received from customers would be deposited into the accounts. Only a small portion of cash proceeds would be deposited into the accounts.

17. RICHARD COSTANZO would use the proceeds on deposit at US Bank to promote the business activities of D.G., Inc.. As a means of promoting the activities of D.G., Inc., RICHARD COSTANZO would use funds on deposit at US Bank to pay for, among other things, advertising expenses, telephone bills, internet expenses and gasoline costs associated with the transportation of escorts.

18. RICHARD COSTANZO would also "launder" the proceeds of his escort businesses by purchasing assets, in the first instance, by taking out large loans to fund the purchases. Within months of taking out such loans RICHARD COSTANZO would pay off the loans, many times using cash payments, as set forth below:

| | | | |
|---|---|---|---|
| In or around November of 2003 | Purchase of home at 1013 Shoal Pointe Drive, Carter Lake, IA | Mortgage loan in approximate amount of $60,050.00 | Paid in full by on or about August of 2004 utilizing cash payments totaling approximately $46,640.38 |
| On or about December 22, 2004 | Purchase of 2004 Cadillac Escalade | Loan in the approximate amount of $45,427.57 | Paid in full by on or about August 10, 2005, utilizing cash payments totaling approximately $55,339.50 |
| On or about September 6, 2005 | Purchase of 2005 Lotus Elise | Loan in the approximate amount of $40,100.00 | Paid in full by on or about February of 2006 utilizing cash payments totaling approximately $40,824.93 |
| On or about February 18, 2008 | Purchase of 2008 Nissan Altima | Loan in the approximate amount of $30,911.00 | Paid in full by on or about December 4, 2008, utilizing cash payments totaling approximately $24,555.67 |

19. The activities of RICHARD COSTANZO, THERESA COSTANZO, JANNA WASKO and MICHAEL WASKO affected interstate commerce and also employed facilities in interstate commerce. D.G., Inc., advertised its services in both Nebraska and Iowa, by the placement of advertisements in telephone directories and by the placement of advertisements on the internet. Customer calls, whether from Iowa or Nebraska, would be routed to RICHARD COSTANZO's residence in Carter Lake, Iowa. Escorts would be dispatched by cellular telephone calls and text messages. Escorts located in Carter Lake, Iowa,

would be dispatched, and many times driven, to calls in Omaha, Nebraska. Escorts located in Omaha, Nebraska, would be dispatched, and many times driven, to calls in Iowa. Credit card charges would be processed through the interstate credit card processing system.

**OVERT ACTS**

20. In furtherance of the conspiracy, and to affect the objects thereof, overt acts were committed in the District of Nebraska and elsewhere, including but not limited to, the following:

a. On or about January 11, 2006, THERESA COSTANZO drove two escorts from Nebraska to Iowa to engage in prostitution;

b. On or about January 11, 2006, THERESA COSTANZO took money from an escort for a sexual act the escort was about to perform;

c. On or about June 1, 2007, through on or about June 30, 2007, RICHARD COSTANZO took money from an escort for a sexual act the escort performed;

d. On or about September, 2008, through on or about December, 2008, RICHARD COSTANZO used a cell phone to dispatch an escort;

e. On or about February 5, 2009, JANNA WASKO and MICHAEL WASKO drove to the area of 72nd and Giles for the purpose of interviewing a prospective new escort;

f. On or about May 25, 2009, RICHARD COSTANZO sent a text message to an escort containing a telephone number for a customer and directed her to "get him back."

g. On or about May 27, 2009, RICHARD COSTANZO sent a text message to an escort asking her to work for him again and advising she would make "a lot of money." In that same communication RICHARD COSTANZO dispatched the escort to a motel to meet a customer.

h. On or about May 27, 2009, RICHARD COSTANZO sent a text message to JANNA WASKO and MICHAEL WASKO and advised that one escort needed to do more.

i. On or about May 27, 2009, RICHARD COSTANZO sent a text message to a prospective escort directing her to contact "Jana" to sign a contract.

j. On or about October 1, 2009, through on or about October 31, 2009 RICHARD COSTANZO took money from an escort for a sexual act the escort performed.

All in violation of Title 18, United States Code, Section 371 and 2423(e).

**COUNT 2**

21. The Grand Jury incorporates paragraphs 1 through 19 above and further alleges as follows:

22. On or about the 11th day of January, 2006, in the District of Nebraskan and elsewhere, RICHARD COSTANZO, JANNA WASKO, MICHAEL WASKO and

THERESA COSTANZO, defendants herein, did knowingly use, and caused to be used, a facility in interstate commerce, namely telephones, cell phones and computers, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, a business enterprise involving prostitution in violation of Title 18, United States Code, Section 2422(a), and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

23. The above offense was committed and carried out in the course of, and in furtherance of, the conspiracy set forth in Count 1 of the Indictment and while RICHARD COSTANZO, THERESA COSTANZO, JANNA WASKO, and MICHAEL WASKO were members of the conspiracy.

In violation of Title 18, United States Code, Section 1952(a)(3)(A) and 2.

**COUNT 3**

24. The Grand Jury incorporates paragraphs 1 through 19 above and further alleges as follows:

25. On or about January 11, 2006, THERESA COSTANZO did knowingly transport, and caused to be transported, two individuals in interstate commerce with intent that such persons engage in prostitution and any sexual act for which a person could be charged with a criminal offense.

26. The above offense was committed and carried out in the course of, and in furtherance of, the conspiracy set forth in Count 1 of the Indictment and while RICHARD COSTANZO, JANNA WASKO, and MICHAEL WASKO were members of the conspiracy.

In violation of Title 18, United States Code, Section 2421 and 2.

**COUNT 4**

27. The Grand Jury incorporates paragraphs 1 through 19 above and further alleges as follows:

28. On or about the August 26, 2009, in the District of Nebraska and elsewhere, RICHARD COSTANZO, JANNA WASKO, MICHAEL WASKO and THERESA COSTANZO, defendants herein, did knowingly use, and caused to be used, a facility in interstate commerce, namely telephones, cell phones and computers, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, a business enterprise involving prostitution in violation of Title 18 United States Code Section 2422(a), and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

29. The above offense was committed and carried out in the course of, and in furtherance of, the conspiracy set forth in Count 1 of the Indictment and while RICHARD

COSTANZO, THERESA COSTANZO, JANNA WASKO, and MICHAEL WASKO were members of the conspiracy.

In violation of Title 18, United States Code, Section 1952(a)(3)(A) and 2.

**COUNT 5**

30. The Grand Jury incorporates paragraphs 1 through 19 above and further alleges as follows:

31. On or about the October 19, 2009, in the District of Nebraska and elsewhere, RICHARD COSTANZO, JANNA WASKO, MICHAEL WASKO and THERESA COSTANZO, defendants herein, did knowingly use, and caused to be used, a facility in interstate commerce, namely telephones, cell phones and computers, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, a business enterprise involving prostitution in violation of Title 18 United States Code Section 2422(a), and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

32. The above offense was committed and carried out in the course of, and in furtherance of, the conspiracy set forth in Count 1 of the Indictment and while RICHARD COSTANZO, THERESA COSTANZO, JANNA WASKO, and MICHAEL WASKO were members of the conspiracy.

In violation of Title 18, United States Code, Section 1952(a)(3)(A) and 2.

**COUNT 6**

33. The Grand Jury incorporates paragraphs 1 through 19 above and further alleges as follows:

34. On or about March 1, 2006, through on or about November 30, 2006, in the District of Nebraska and elsewhere, RICHARD COSTANZO, JANNA WASKO, MICHAEL WASKO and THERESA COSTANZO, defendants herein, did knowingly use, and caused to be used, a facility and means of interstate commerce, namely telephones, cell phones and computers, to persuade, induce, entice and coerce, a person who had not attained the age of eighteen years to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense.

35. The above offense was committed and carried out in the course of, and in furtherance of, the conspiracy set forth in Count 1 of the Indictment and while RICHARD COSTANZO, THERESA COSTANZO, JANNA WASKO, and MICHAEL WASKO were members of the conspiracy.

In violation of Title 18, United States Code, Section 2422(b) and 2.

**COUNT 7-8**

36. The Grand Jury incorporates paragraphs 1 through 19 above and further alleges as follows:

37. On or about the following dates, in the District of Nebraska, and elsewhere, RICHARD COSTANZO did knowingly conduct, attempt to conduct, and caused to be conducted, a financial transaction affecting interstate commerce which involved the

proceeds of a specified unlawful activity, that is: Use of Facilities in Interstate Commerce in Aid of Racketeering Enterprises in violation of 18 U.S.C. § 1952(a)(3)(A), Transportation with Intent to Engage in Prostitution in violation of 18 U.S.C. § 2421, and Inducement to Travel in Interstate Commerce with Intent to Engage in Prostitution in violation of 18 U..S.C. § 2422(a), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| COUNT | DATE (on or about) | AMOUNT | FINANCIAL TRANSACTION |
|---|---|---|---|
| 7 | January 11, 2006 | $8,000.00 | Cash payment to US Bank towards 2005 Lotus Elise loan |
| 8 | August 11, 2008 | $3,000.00 | Cash payment to US Bank towards 2008 Nissan Altima loan |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**FORFEITURE ALLEGATION**

1. The allegations contained in Counts 1 through 8 of this Indictment are hereby alleged again and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428(a), and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 981(a)(1), Title 18, United

States Code, Section 2428(a), and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 371, 1952, 1956, 2421 or 2422, the defendants, RICHARD COSTANZO, THERESA COSTANZO, JANNA WASKO and MICHAEL WASKO shall forfeit to the United States of America any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses. The property to be forfeited includes, but is not limited to, the following:

a. The real property known as Lot 13, Shoal Pointe, Carter Lake, Iowa, locally described as 1013 Shoal Pointe Drive, Carter Lake, Iowa, 51510;

b. A 2004 Cadillac Escalade: VIN 3GYEK62NX4G305559, Iowa license plate: MOBMAN;

c. A 2008 Nissan Altima: VIN 1N4BL21E88N489001, Nebraska license plate: NE RHP139;

d. A 1999 Plymouth Prowler: VIN 1P3EW65G7XV501090; Iowa license plate: PRWLN4U;

e. A 1999 Plymouth Prowler: VIN 1P3EW65G6XV502022; Iowa license plate: 992TLO;

f. A 2003 Subaru Baja: VIN 4S4BT61C737109364; Iowa license plate: SPINNIN;

g. A 1999 Jeep Grand Cherokee: VIN 1J4GW68N5XC687852; Iowa license plate: PAIN;

8:10CR146

h. A 2003 Ford F150 pick-up: VIN 2FTRX18L03CA12296; Nebraska license plate: PZY604;

i. $3,140.00, cash seized from the residence of RICHARD COSTANZO, 1013 Shoal Pointe Drive, Carter Lake, IA, on or about November 24, 2009.

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

[redacted]

FOREPERSON

DEBORAH R. GILG
United States Attorney

The United States of America requests that trial of this case be held at Omaha, Nebraska, pursuant to the rules of this Court.

SANDRA L. DENTON
Assistant United States Attorney