IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10CR146 |
| vs. | ) | |
| | ) | **PRELIMINARY ORDER** |
| RICHARD COSTANZO, | ) | **OF FORFEITURE** |
| THERESA A. COSTANZO, | ) | |
| JANNA WASKO, | ) | |
| MICHAEL WASKO, | ) | |
| | ) | |
| Defendants. | ) | |

NOW ON THIS 8th day of September, 2011, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 216). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendants have entered into Plea Agreements whereby they have agreed to plead guilty to Count 1 and the Forfeiture Allegation of the Superseding Indictment.

2. The Forfeiture Allegation sought the forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2428(a), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), of the following properties on the basis they were used or were intended to be used to commit or to facilitate the commission of said offenses and/or were derived from proceeds obtained directly or indirectly as a result of such offenses:

    a.    The real property known as Lot 13, Shoal Pointe, Carter Lake, Iowa, locally described as 1013 Shoal Pointe Drive, Carter Lake, Iowa, 51510;

    b.    A 2004 Cadillac Escalade, VIN 3GYEK62NX4G305559, Iowa license plate MOB MAN;

c. A 2008 Nissan Altima, VIN 1N4BL21E88N489001, Nebraska license plate NE RHP139;

d. A 1999 Plymouth Prowler, VIN 1P3EW65G7XV501090; Iowa license plate PRWLN4U;

e. A 1999 Plymouth Prowler, VIN 1P3EW65G6XV502022; Iowa license plate 992TLO;

f. A 1999 Jeep Grand Cherokee, VIN IJ4GW68N5XC687852; Iowa license plate PAIN;

g. A 2003 Ford F150 pick-up, VIN 2FTRX18L03CA12296; Nebraska license plate PZY604;

h. $3,140.00, cash seized from the residence of RICHARD COSTANZO, 1013 Shoal Pointe Drive, Carter Lake, IA, on or about November 24, 2009.

3. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C., § 853.

4. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon the Forfeiture Allegation of the Superseding Indictment and the Defendants' pleas of guilty, the United States is hereby authorized to seize the following property.

1. The real property known as Lot 13, Shoal Pointe, Carter Lake, Iowa, locally described as 1013 Shoal Pointe Drive, Carter Lake, Iowa, 51510;

2. A 2004 Cadillac Escalade, VIN 3GYEK62NX4G305559, Iowa license plate MOB MAN;

3. A 2008 Nissan Altima, VIN 1N4BL21E88N489001, Nebraska license plate NE RHP139;

4. A 1999 Plymouth Prowler, VIN 1P3EW65G7XV501090; Iowa license plate PRWLN4U;

5. A 1999 Plymouth Prowler, VIN 1P3EW65G6XV502022; Iowa license plate 992TLO;

6. A 1999 Jeep Grand Cherokee. VIN IJ4GW68N5XC687852; Iowa license plate PAIN;

7. A 2003 Ford F150 pick-up: VIN 2FTRX18L03CA12296; Nebraska license plate PZY604;

8. $3,140.00, cash seized from the residence of RICHARD COSTANZO, 1013 Shoal Pointe Drive, Carter Lake, IA, on or about November 24, 2009.

C. The Defendants' interest in the properties described above are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned properties are to be held by the United States in its secure custody and control.

E. Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site (www.forfeiture.gov) notice

of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

  F. Said published notice shall state the Petition referred to in Paragraph E, above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

  G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

  H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

  ORDERED this 8th day of September, 2011.

**BY THE COURT:**

/s Joseph F. Bataillon

**JOSEPH F. BATAILLON, Chief Judge**
**United States District Court**