IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:10CR146 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RICHARD COSTANZO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court defendant's objections to the Revised Presentence Investigation Report (hereinafter, "PSR"), Filing No. 215. The defendant objects to paragraphs 44, 45, 52, 77, 80 to 84, 89, 90 to 92, 96 to 106, 155, and 171. *Id.* The defendant first objects to references in those paragraphs that state that Angela Durand and Latressa Bivens were minors at the time they worked as escorts or that they engaged in acts of prostitution when they were under the age of 18. Pursuant to the plea agreement, the parties have agreed that if the court finds that the defendant caused persons under the age of 18 to engage in a commercial sex act or prohibited sexual conduct, then the applicable sentencing guideline range would be determined by U.S.S.G. § 2G1.3.

The court held an evidentiary hearing on October 12, 2011, and October 13, 2011. Based on the evidence adduced at the hearing, the court finds that only one minor participated in prohibited sexual acts. The minor Latressa Bivens engaged in sexual activity as part of the defendant's interstate prostitution scheme. To the extent the presentence investigation report refers to a minor other than Latressa Bivens, the defendant's objections are sustained.

Latressa Bivens testified that she was 17 years old when she started working for the defendant as a driver. During that time she started dancing. When the defendant learned she was dancing, he had her sign a "contract." She testified that she first signed the "contract" to work for the defendant when she was 17 years old. However, she stated that she used her older sister's name and driver's license for the "contract." The uncontroverted evidence establishes that the only persons signing these so called "contracts" were women who were engaged in the prostitution business and in the defendant's employ.

Signing a "contract" meant that the defendant would hire the contractor to be an escort. The defendant or his staff would take phone calls from clients who would engage the escort to be a "dancer/entertainer" of male clients. The clients would be charged a half-hour or hourly rate. From the proceeds, defendant Costanzo, the booker, the driver and the dancer or dancers would receive a fixed percentage. Once their contracted engagement was completed, the escorts would arrange to obtain "tips" in exchange for extra sexual favors.

The escorts would pose for photographs to be posted on the defendant's Web site. This gave the customers an opportunity to see the escorts, and, in some cases, choose the escort. Latressa Bivens was photographed in a revealing, tight-fitting dress when she was 17 years old. The date of the photography is established by the digital signature for each photograph.

The escorts worked as much as they wanted. Latressa Bivens recalled working five or six days a week and making multiple appearances throughout each night. Weekend bookings may have included four or more engagements.

The escort witnesses, including Latressa Bivens, testified that they obtained "tips" more often than not. Latressa Bivens estimated she received "tips" for 50-60% of her engagements. She also testified that all the male clients expected some sex acts.

Latressa Bivens testified that she was sent to venues in Iowa and in Nebraska, but does not recall specifically whether she was sent to Iowa before she was 18 years old. Latressa Bivens testified that she did not engage in any sex acts prior to her 18th birthday. She admitted that after she turned 18, she engaged in acts of prostitution for balance of her tenure of employment with the defendant. She also testified that she engaged in acts of prostitution on five or fewer occasions. She also testified that she cannot recall any details concerning her first act of prostitution.

The court does not credit the testimony of Latressa Bivens concerning the age at which she first began accepting "tips" for sex. Latressa Bivens may believe that she did not start accepting money for sex until she was 18, but the credible record clearly reflects otherwise. One of the escorts, Jennah Harris, testified about her recollection of a specific act of prostitution performed by Latressa Bivens early in Latressa Bivens's engagement by the defendant. Latressa Bivens testified she remembered the client's fetish, but did not remember the sex act.

Based on the evidence, the court finds that the government has proved by a preponderance of the evidence that Latressa Bivens was a minor engaged in sexual activity in interstate commerce. In support of this finding, the court notes that the record shows that Latressa Bivens was 17 years old when she signed a contract to be an escort; she was a minor when she was photographed as an escort; she admitted that she was a "dancer/entertainer" for male clients while she was a minor; she testified she engaged in

many shows for which she obtained "tips"; she testified that the male clients for which she was hired to entertain all expected some sex acts; she obtained "tips" about 50 to 60% of the time she worked as a "dancer"; and she stated that she cannot remember the first time she engaged in a sex act for hire because it occurred on a frequent basis. The court also credits the testimony of the government's witnesses who confirmed that Latressa Bivens was engaged in acts of prostitution early in her "contract" period.

The court further finds that the defendant was aware at the time he "contracted" with Latressa Bivens that she was a minor. He presumably hired Latressa Bivens as a driver. If that were the case, there was no reason for either defendant Costanzo or Bivens to fabricate her true age. The necessity only arose one she agreed to perform as a "dancer." Whether the defendant instructed Latressa Bivens to use her older sister's identification for the so-called "contract" is not particularly pertinent to the court's determination that the defendant must have known Latressa Bivens's actual name and age. It is noteworthy that the only person for whom Bivens's age is significant is the defendant. Accordingly, the defendant's objections to the findings in the PSR as they relate to Latressa Bivens as a minor are overruled.

The defendant also objects to the imposition of an enhancement for the use of computers, cellphone, etc., contending that it amounts to "double counting." The court finds that an enhancement for use of a computer is warranted under the facts of this case. Accordingly, the defendant's objection to a two-level enhancement under U.S.S.G. § 2G1.3(b)(3)(A) is overruled.

The defendant further objects to the failure in the PSR to grant a reduction for acceptance of responsibility. The burden is on the defendant to prove acceptance of

4

responsibility. The courts notes that the defendant plead guilty to a large portion of the indictment. The court also notes that the defendant continues to deny he intentionally engaged a minor in this criminal enterprise. The court has found otherwise. The court finds that the defendant had demonstrated partial acceptance of responsibility and will award a one-point reduction of his guideline calculation. Whether the government agrees to award its additional point for acceptance of responsibility is not within the court's discretion. Accordingly,

IT IS ORDERED that the defendant's objections to the findings in the Presentence Investigation Report are overruled in part and sustained in part as set forth in this Memorandum and Order.

DATED this 27th day of October, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.